# United States District Court

### for

### Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 846]

Name of Offender: Roberto Manier        Case Number: 3:06-00031-18

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: December 9, 2007

Original Offense: 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine

Original Sentence: 77 months' custody; 3 years' supervised release

Type of Supervision: Supervised Release        Date Supervision Commenced: January 13, 2012

Assistant U.S. Attorney: Hal McDonough        Defense Attorney: Dumaka Shabazz

## PETITIONING THE COURT

|       |                                            |
|-------|--------------------------------------------|
| __X__ | To Consider Additional Violations/Information. |
| ____  | To issue a Summons.                        |
| ____  | To issue a Warrant.                        |

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Consideration of Additional Alleged Violations/Information.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Amanda M. Russell_
Amanda M. Russell
U.S. Probation Officer

Considered this 13 day of March, 2013, and made a part of the records in the above case.

Place        Cookeville, TN

_Todd J. Campbell_
Todd J. Campbell
U.S. District Judge

Date        March 13, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 846, has been amended as follows:

> Violation No. 4 - has been added to report a recent federal indictment on alleged drug offenses.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** |

On June 18, 2012, Mr. Manier was arrested by the Lebanon Police Department and charged with Domestic Assault, a Class A misdemeanor. Mr. Manier was released on bond and was due in the Wilson County General Sessions Court on August 1, 2012. On the night of June 17, 2012, Mr. Manier and Marissa Kelton stayed together at a local motel. According to the police affidavit, the next morning, Ms. Kelton awoke to find him gone with her car. She called him and asked him to bring it back. He returned with the car and an argument ensued. Mr. Manier grabbed Ms. Kelton and would not let her leave when she attempted to do so. He grabbed her by the throat, threw her down, and punched her in the head. Mr. Manier had Ms. Kelton's car keys and her phone so she could not summon help. A witness observed Ms. Kelton being grabbed by the hair and dragged back into the room. Ms. Kelton stated that she did fight back to protect herself.

The U.S. Probation Officer spoke telephonically with Mr. Manier on June 20, 2012. He admitted being at the hotel with the victim, Marissa Kelton, and arguing with her, but denied assaulting her. He reported restraining Ms. Kelton by the arms to keep her from hitting him. The probation officer also spoke telephonically with the Ms. Kelton on June 20, 2012. Ms. Kelton advised she woke up to discover her vehicle missing and called Mr. Manier to bring it back. Upon his return, an argument began and Mr. Manier struck her in the back of the head with his hand, threw on her on the bed, and choked her with his hands. Ms. Kelton advised that he had one hand on her neck and the other on her mouth to attempt to smother her screams for help. When that did not work, he used a pillow to keep her screams from being heard. Ms. Kelton advised she was able to get away from Mr. Manier by striking him in the face, kicking him in the stomach, and grabbing his genitalia, specifically his scrotum, and applying pressure. Ms. Kelton advised she was able to retrieve her car keys, but not her cell phone, leave the hotel room and yell for help, asking for someone to call the police. Mr. Manier came out, grabbed her by the head and dragged her back inside. The Lebanon Police arrived moments later and Mr. Manier was arrested. Ms. Kelton advised she had been in a relationship with Mr. Manier for approximately one month and knew of his violent history with women. Ms. Kelton further stated Mr. Manier told her previously that if he ever laid his hands on her, he would hit her where the evidence would not be visible, as he assumed she would call the police. Additionally, Ms. Kelton reported that Mr. Manier was in possession of Xanax and Lortab and that the prescription medications were flushed down the toilet before police arrived. Mr. Manier does not have an active prescription for these anxiety and pain medications.

A petition for a warrant was submitted to the Court on June 21, 2012, reporting an arrest for Domestic Assault on June 18, 2012. Your Honor issued a sealed warrant on June 25, 2012. Mr. Manier was subsequently arrested on July 2, 2012, and appeared before the Honorable John Bryant on July 16, 2012, for his detention and probable cause hearing. The Court found

probable cause was substantiated, but released Mr. Manier on the same conditions of his supervised release pending his revocation hearing, with the added condition that he was to have no contact, directly or indirectly, with the victim of the alleged Domestic Assault.

Mr. Manier appeared in the Wilson County General Sessions Court on August 1, 2012, on the Domestic Assault charge. The case was continued for six months, with the expectation of dismissal, provided that Mr. Manier stay away from the victim and pay court costs.

Mr. Manier appeared in the Wilson County General Sessions Court on February 4, 2013, and his Domestic Assault charge was dismissed upon payment of costs, totaling $369.00. Mr. Manier reports no contact, directly or indirectly, with the victim of the alleged Domestic Assault.

Mr. Manier's first revocation hearing was held before Your Honor on August 9, 2012. By agreed order, Mr. Manier's supervised release conditions were modified to add a period of home detention for three months, beginning immediately, and the Court scheduled a status conference hearing for February 25, 2013. On that date, the Court was notified by a superseding petition of Mr. Manier's positive drug test for cocaine on February 8, 2013. Your Honor scheduled a revocation hearing for March 14, 2013.

**2.**       **The defendant shall refrain from any unlawful use of a controlled substance.**
On February 8, 2013, Mr. Manier tested positive for cocaine. When questioned by the probation officer on February 22, 2013, he admitted to "snorting" two to three lines of cocaine on February 6, 2013. Mr. Manier reported he "snorted" two to three lines of cocaine, again, approximately four to five days later. He noted that he made a mistake and said it will not happen again. He denied having a problem with drugs, claiming he had been feeling depressed and stressed out lately and that is how he chose to deal with it.

**3.**       **The defendant shall not associate with any persons engaged in criminal activity and shall not frequent places where illegal substances are sold, used, distributed, or administered.**
On February 22, 2013, Mr. Manier admitted to associating with the supplier of the cocaine he consumed. He reported he "partied" at a female friend's home in Lebanon, Tennessee, on February 6 and February 12, 2013, and the illegal drug was given to him on both occasions

**4.**       **The defendant shall not commit another federal, state, or local crime.**
On March 8, 2013, Mr. Manier was arrested by the Drug Enforcement Administration and charged with Distribution of Marijuana, Distribution of Cocaine Base, and Distribution of Cocaine. Mr. Manier appeared before Magistrate Judge Juliet Griffin on March 11, 2013, for his initial appearance hearing and detained pending a detention hearing scheduled for March 19, 2013. According to the indictments, which are attached for Your Honor's review, Mr. Manier, on or about June 28, 2012, did knowingly and intentionally distribute and possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance. Mr. Manier, on or about August 1, 2012, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine base, that is crack cocaine, a Schedule II controlled substance. Mr. Manier, on or about August 7, 2012, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance.

**Compliance with Supervision Conditions and Prior Interventions:**

Roberto Manier began his term of supervised release on January 13, 2012, and is due to expire on January 12, 2015. He currently resides with his mother in Lebanon, Tennessee. Mr. Manier was employed by Famous Footwear in Lebanon, through All Star Personnel, from May 5, 2012, to May 22, 2012. His employment was terminated due to his slow production/performance. Mr. Manier has been self-employed as a certified personal trainer since August 2012.

The probation officer met with Mr. Manier on August 9, 2012, following his revocation hearing. His electronic monitoring device was installed and the rules of the electronic monitoring program were explained, signed, and he was provided a copy. On August 12 and August 13, 2012, Mr. Manier violated the conditions of electronic monitoring by unplugging his monitoring device when he left his residence for an approved activity. Upon his return, he plugged the monitoring device back in. After questioning by the probation officer, Mr. Manier reported he did not know that he was not supposed to unplug the monitoring device. Mr. Manier was verbally reprimanded and re-instructed as to all conditions of his electronic monitoring, specifically to not move, disconnect, or tamper with the monitoring device. Mr. Manier completed the Court ordered three months of home detention on November 9, 2012.

On August 14, 2012, Mr. Manier requested mental health treatment and noted he could not pay for these services on his own, due to lack of employment. He reported many stressors in his life including no job, no money, his mother's illness and caring for her, not being able to see his child in Kentucky, no transportation, the pending domestic charge, his pending revocation hearing, and the electronic monitoring device. The probation officer spoke with Mr. Manier in length about possible relapse and he reported no desire to use illegal drugs or drink alcohol. Mr. Manier reported he did not need "crazy" pills, but wanted to participate in a mental health assessment and/or treatment to help him deal with his issues.

A report was submitted to the Court on August 21, 2012, regarding Mr. Manier's request for mental health treatment. The Court modified his conditions of supervised release to include Mr. Manier's participation in a mental health program at the direction of the probation officer. Mr. Manier participated in monthly mental health counseling at Cumberland Mental Health in Lebanon, Tennessee, from October 2012 to January 2013. Mr. Manier reported that his counselor, Ilene McBride, successfully discharged him from mental health counseling in January 2013. He reported that he agreed with his counselor in that he no longer needed mental health treatment.

Mr. Manier participated in a substance abuse assessment at Cumberland Mental Health in February 2012. At that time, treatment was not recommended and he continued to participate in random drug testing. When questioned by the probation officer about his illegal drug use, he denied having a substance abuse problem, but would be willing to participate in outpatient substance abuse treatment and increased drug testing. Mr. Manier was given a verbal reprimand and notified that his violation behavior would be promptly reported to the Court.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that these additional violations be considered at a revocation hearing to be held before Your Honor on March 14, 2013. These new violations have been discussed with Assistant U.S. Attorney Hal McDonough who concurs with the recommendation.

Approved: _____

Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ROBERTO MANIER, CASE NO. 3:06-00031-18

**GRADE OF VIOLATION:**    **A**
**CRIMINAL HISTORY:**    **VI**

**ORIGINAL OFFENSE DATE:**    **POST APRIL 30, 2003**    **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provision | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** <br> *18 U.S.C. § 3583(e)(3)* | **33-41 months** <br> *U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **36 months less any term of imprisonment imposed** <br> *18 U.S.C. § 3583(h)* | **1-3 years** <br> *U.S.S.G. § 5D1.2(a)(2)* | **No recommendation** |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted

Amanda M. Russell
U.S. Probation Officer

Approved:

Britton Shelton
Supervisory U.S. Probation Officer

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAR 0 6 2013

DEPUTY CLERK

UNITED STATES OF AMERICA )
)
)  No. 3:13-00047
v. )
)  21 U.S.C. § 841(a)(1)
ROBERTO MANIER )

# INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES:

On or about June 28, 2012, in the Middle District of Tennessee, defendant, **ROBERTO MANIER,** did knowingly and intentionally distribute and possess with the intent to distribute a quantity of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about August 1, 2012, in the Middle District of Tennessee, defendant, **ROBERTO MANIER,** did knowingly and intentionally distribute and possess with the intent to distribute a quantity of cocaine base, that is crack cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about August 7, 2012, in the Middle District of Tennessee, defendant, **ROBERTO MANIER,** did knowingly and intentionally distribute and possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FOREPERSON

JERRY E. MARTIN
UNITED STATES ATTORNEY

HAROLD B. MCDONOUGH
ASSISTANT UNITED STATES ATTORNEY

2

Petty Offense ( )
Misdemeanor ( )
Felony (X )
Juvenile ( )

# CRIMINAL COVER SHEET
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE___ DIVISION

County of Offense: ___WILSON___

AUSA's NAME: ___MCDONOUGH___

___ROBERTO MANIER___
Defendant's Name

Interpreter Needed? ____Yes ___X___ No

_____
Defendant's Address

If Yes, what language? _____

| COUNT(s) | TITLE/SECTION | OFFENSE CHARGED | MAX. PRISON | MAX. FINE |
|---|---|---|---|---|
| 1 | 21/841 | Distribution of marijuana | 5 years | $250,000 |
| 2 | 21/841 | Distribution of crack cocaine | 20 years | $1,000,000 |
| 3 | 21/841 | Distribution of cocaine | 20 years | $1,000,000 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If the defendant is charged with violating 18 U.S.C. sec. 922(g) and has 3 prior qualifying felonies, then the penalties are as follows: imprisonment not less than 15 years nor more than life; fine not more than $250,000; supervised release not more than 5 years; 18:924(e)(1)

**If the defendant is charged with conspiracy but not with the primary offense, list the primary offense below:**

| TITLE/SECTION | OFFENSE | MAX. PRISON | MAX. FINE |
|---|---|---|---|
|  |  |  |  |

Is the defendant currently in custody? ( ) Yes ( x ) No       If Yes, State or Federal? _____

Has a complaint been filed?       ( ) Yes ( x ) No
          If Yes: Name of Magistrate Judge _____       Case No.: _____
                    Was the defendant arrested on the complaint?       ( ) Yes       ( ) No

Has a search warrant been issued? ( ) Yes ( x ) No
          If Yes: Name of Magistrate Judge _____       Case No.: _____

Was bond set by Magistrate/District Judge: ( ) Yes ( x ) No       Amount of bond: _____

Is this a Rule 20? ( ) Yes ( x ) No       To/from what district? _____
Is this a Rule 40? ( ) Yes ( x ) No       To/from what district? _____

Is this case related to a pending or previously filed case?       (X) Yes       ( ) No

          What is the related case number: ___3:06-00031-18___ ( Revocation of Supervised Release ) _____

          Who is the Magistrate Judge: _____       District Judge: ___Campbell___

Estimated trial time: ___Two Days_____

The Clerk will issue a **Summons / Warrant**       (circle one)

Bond Recommendation: _____Detention_____

(Revised January 2008)

# VIOLATION WORKSHEET

1. **Defendant** Roberto Manier

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:06-00021-18

3. **District/Office** MD/TN

4. **Original Sentence Date** $\frac{12}{month}$ / $\frac{19}{day}$ / $\frac{2007}{year}$

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state, or local crime. | C |
   | Shall refrain from any unlawful use of a controlled substance. | C |
   | Shall not associate with any persons engaged in criminal activity and shall not frequent places where illegal substances are sold, used, distributed, or administered. | C |
   | Shall not commit another federal, state, or local crime. | A |
   | | |
   | | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  | A |

9. **Criminal History Category** *(see §7B1.4(a))*  | VI |

10. **Range of Imprisonment** *(see §7B1.4(a))*  | 33 - 41 | months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant   Roberto Manier _____

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent
confinement previously imposed in connection with the sentence for which revocation is
ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____      Community Confinement _____

Fine($)       _____      Home Detention       _____

Other         _____      Intermittent Confinement _____

13.    **Supervised Release**

If  probation is to be revoked, determine the length, if any, of the term of supervised release
according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the
maximum term of imprisonment imposable upon revocation, the defendant may, to the
extent permitted by law, be ordered to recommence supervised release upon release from
imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14.    **Departure**

List aggravating and mitigating factors that may warrant a
sentence outside the applicable range of Imprisonment:

15.    **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days